UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BROSNAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA,<br><br>　　　　　Defendant. | Case No. 2:25-cv-00741-DC-CSK<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 2-6) |

Plaintiff John Brosnan is representing himself in this action and seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF Nos. 2, 5.) For the reasons that follow, the Court recommends Plaintiff's IFP applications be denied, and the First Amended Complaint (ECF No. 4) be dismissed without leave to amend. The Court further orders Plaintiff's motions for e-filing access (ECF Nos. 3, 6) are DENIED.

I.　**MOTION TO PROCEED IN FORMA PAUPERIS**

28 U.S.C. § 1915(a) provides that the court may authorize the commencement, prosecution or defense of any suit without prepayment of fees or security "by a person who submits an affidavit stating the person is "unable to pay such fees or give security therefor." This affidavit is to include, among other things, a statement of all assets the

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

person possesses. *Id*. The IFP statute does not itself define what constitutes insufficient assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In *Escobedo*, the Ninth Circuit stated that an affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay court costs and still afford the necessities of life. *Id*. "One need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Id*. Nonetheless, a party seeking IFP status must allege poverty "with some particularity, definiteness and certainty." *Id*. According to the United States Department of Health and Human Services, the current poverty guideline for a household of one (not residing in Alaska or Hawaii) is $15,650.00. *See* U.S. Dpt. Health & Human Service (available at https://aspe.hhs.gov/poverty-guidelines).

Here, Plaintiff has made the required showing under 28 U.S.C. § 1915(a). *See* ECF Nos. 2, 5. However, the Court will recommend Plaintiff's IFP applications be denied because the action is facially frivolous and without merit because it fails to state a claim. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat. Bank & Tr.*, 821 F.2d 1368, 1370 (9th Cir. 1987)); *see also McGee v. Dep't of Child Support Servs.*, 584 Fed. App'x 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis."). Because it appears from the face of the First Amended Complaint that this action is frivolous and is without merit as discussed in more detail below, the Court recommends denying Plaintiff's IFP motions.

///

## II.    SCREENING REQUIREMENT

Even if the Court were to grant Plaintiff's IFP applications, Plaintiff's First Amended Complaint warrants dismissal pursuant to 28 U.S.C. § 1915(e)'s required pre-answer screening. Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See id.* at 326-27; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post-*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80

F.3d 336, 339 (9th Cir. 1996).

### III.    THE FIRST AMENDED COMPLAINT

Plaintiff brings this action against Defendant State of California. First Amended Complaint ("FAC") ¶ 2 (ECF No. 4). Plaintiff alleges a single cause of action for violation of his First Amendment rights pursuant to 42 U.S.C. § 1983. FAC at 2 ("this action seeks to redress the deprivation, under color of the laws, statutes, ordinances, regulations, customs and usages of the State of California [] of rights, privileges or immunities secured by the United States Constitution and by Acts of Congress."). The entirety of the allegations in the First Amended Complaint are as follows:

> Plaintiff was stopped at a stoplight when the rear of the vehicle Plaintiff was driving was crashed into ("Crash") by a vehicle driven by Emily Bouch ("EB"). Plaintiff contacted EB and obtained the insurance information for the insurer ("Insurer") of EB, Plaintiff submitted a claim to Insurer that was denied. Plaintiff sought permission to sue EB for injuries suffered in the Crash and was not given permission to file suit against EB ("EB Suit").

FAC ¶ 13. Plaintiff alleges Defendant improperly denied Plaintiff's right to file a suit against Emily Bouch and has therefore violated Plaintiff's First Amendment rights. FAC ¶¶ 16-17. For relief, Plaintiff seeks damages in the amount of $3 million and other forms of relief. FAC at 2.

### IV.    DISCUSSION

#### A.    Eleventh Amendment Immunity

Plaintiff names in the First Amended Complaint Defendant State of California. FAC ¶ 2. The Eleventh Amendment shields Defendant State of California from suit. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 943 (9th Cir. 2013) ("Plaintiffs are plainly barred by the Eleventh Amendment from suing the State of California in federal court."); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974) ("[A]n unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State.") (citations omitted). "*Will* establishes that the State and arms of the State,

4

which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court." *Howlett v. Rose*, 496 U.S. 356, 365 (1990) (citing *Will*, 491 U.S. at 58). Accordingly, because the only defendant Plaintiff has named is the State of California, Plaintiff's sole claim is barred by the Eleventh Amendment and should be dismissed.

### B.   Federal Rule of Civil Procedure 8

Plaintiff's First Amended Complaint also does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). Here, the First Amended Complaint does not contain facts supporting any cognizable legal claim against Defendant State of California.

A claim under 42 U.S.C. § 1983 requires: "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991); *see also Benavidez v. County of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021). Although Plaintiff alleges generally his First Amendment rights were violated, Plaintiff's bare allegations are insufficient to demonstrate Defendant's connection to, or involvement in any alleged constitutional violations. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). More importantly, Defendant State of California is immune from suit based on Eleventh Amendment immunity. *See Howlett*, 496 U.S. at 365. Because Plaintiff's allegations are insufficient to state a claim and because Defendant State of California is not a proper defendant, the First Amended Complaint fails to state a claim upon which relief may be granted and should be dismissed.

Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and

5

succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Based on these deficiencies, the Complaint is subject to dismissal. *See McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

### C. Leave to Amend

In considering whether leave to amend should be granted, the Court finds that the First Amended Complaint is without merit and that the only defendant is immune from suit. *See generally* FAC. The First Amended Complaint does not contain facts supporting any cognizable legal claim against Defendant. In light of the First Amended Complaint's deficiencies, granting leave to amend would be futile. The First Amended Complaint should therefore be dismissed without leave to amend. *See Lopez*, 203 F.3d at 1130-31; *Cato v. United States*, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

### D. Motions for E-filing Access

Plaintiff has filed two motions for e-filing access. (ECF Nos. 3, 6.) Plaintiff requests access to the Court's electronic case filing system. *Id*. The Local Rules are clear that "any person appearing pro se may not utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge." *See* Local Rule 133(b)(2). Plaintiff's motions for e-filing access do not provide good cause to deviate from this Local Rule. Thus, Plaintiff's motions are denied. In addition, in light of the recommendation that this action be dismissed, Plaintiff's motions for e-filing access are also moot.

## V.    CONCLUSION

It is HEREBY ORDERED that Plaintiff's motions for e-filing access (ECF Nos. 3, 6) are DENIED.

It is FURTHER HEREBY RECOMMENDED that:

1. Plaintiff's motions to proceed in forma pauperis (ECF Nos. 2, 5) be DENIED;
2. Plaintiff's First Amended Complaint (ECF No. 4) be DISMISSED without

6

1            leave to amend; and

2     3.     The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: August 12, 2025

                                              CHI SOO KIM
                                              UNITED STATES MAGISTRATE JUDGE

4, bros0741.25